COAHOMA COUNTY *et al. v.* CITY OF CLARKSDALE.

(In Banc.   May 11, 1942.)

[7 So. (2d) 882.   No. 34973.]

Roberson & Luckett, of Clarksdale, for appellants.

**J. M. Talbot** and **W. W. Venable**, both of Clarksdale, for appellee.

**McGehee, J.,** delivered the opinion of the court.

This is a suit in chancery on behalf of the appellee City of Clarksdale to recover from Coahoma County the sum of $7,880.76, being one-half of the ad valorem taxes which, except for the homestead exemption act hereinafter mentioned, would have been collected under the assessment and levy made for road purposes by the county during the years of 1939, 1940 and 1941 on the property within said

municipality, the streets of which are worked at the expense thereof or by municipal authority, and which sum of money was included in the reimbursement fund of $15,761.52 paid to the county by the state for said years under the provisions of Chapter 20, Laws of the Extraordinary Session of 1938, on account of the tax loss sustained by virtue of the homestead exemptions granted under the provisions of Chapter 18, Laws of the Extraordinary Session of 1938, as amended by Chapter 127, Laws of 1940.

Section 6417, Code of 1930, which was originally enacted as Chapter 232, Laws of 1920, providing that "one-half of all ad valorem taxes collected by or for a county . . . on property within a municipality (the streets of which are worked at the expense of the municipal treasury, or worked by municipal authority) for road purposes of such county . . . shall be paid over to the treasurer of such municipality for said municipality," was neither repealed nor amended when Chapters 18 and 20 of the Laws of the Extraordinary Session of 1938, supra, were enacted, but the said former statute was continued in full force and effect as representing the well established legislative policy for equally dividing between such a city and county the ad valorem taxes collected for road purposes on property in a municipality in order that its streets, which are a part of the highway system of the entire county, may be maintained with one-half of the collection of such taxes.

Chapter 20 of the Laws of the Extraordinary Session of 1938, is "an act to provide for the repayment to counties . . . and municipalities (defined herein as taxing units) of maintenance tax lost by reason of the exemption of homes by the Home Exemption Act of 1938; . . . and for other purposes." Section 2 of this Act provides that "there shall be disbursed to the taxing units, as a reimbursement of tax loss from any monies in the state treasury appropriated for that purpose, at stated intervals, . . . an amount equivalent to the

gross amount of the maintenance taxes . . . which would have been assessed and levied against and collected from the assessed value of exempt homes which have been lawfully exempted from maintenance taxes [under the homestead exemption act, Chapter 18 of the Laws of the Extraordinary Session of 1938] . . ."

The demurrer of the appellant admits that the county received from the state by virtue of Chapter 20 of the Laws of the Extraordinary Session of 1938, the said sum of $15,761.52 in ad valorem taxes levied for road purposes, but which were not collected because of the homestead exemptions, on property within the City of Clarksdale during the three-year period in question, and that the county has not paid over to the city one-half of the said reimbursement fund thus received from the state. The court below overruled the demurrer and granted this appeal to settle the controlling principle of law involved as to whether the county is entitled to retain the said full sum of $15,761.52.

It is to be conceded that if the county had collected the above sum under its ad valorem tax levy for road purposes on the property in the municipality during the period involved, then the county would not have been entitled to retain but one-half of the said amount, but it is contended that inasmuch as the statute providing for the reimbursement of the taxing units on account of tax loss does not contain a provision requiring the county to pay one-half of this fund to the municipality, that is to say, the amount left after the county has been fully reimbursed for the tax loss that it had sustained on account of homestead exemptions, it cannot be required to do so by this suit, since said Section 6417, Code of 1930, only requires the county to refund to a municipality one-half of the ad valorem taxes actually collected by it for road purposes on property situated therein.

We are unable to agree with the above contention in view of the fact that it nowhere appears in the provisions of the Reimbursement Act, Chapter 20 of the Extraordi-

nary Session of 1938, supra, that there was any intention on the part of the legislature to doubly compensate any particular taxing unit for a tax loss sustained by reason of said exemptions, when to do so would mean to deprive another taxing unit of the funds which it would have received had there been no exemption of homesteads from taxation. It must be assumed that one-half of the ad valorem taxes collected for road purposes by the county during the period in question on property in the municipality which was not exempt under the Homestead Exemption Laws of 1938 from the levy made by the county (whether due to the failure of the exemptionist to apply for the exemption, the assessed valuation being in excess of $5,000, or the property not being used for homestead purposes) was paid over to the treasurer of the municipality as required by Section 6417, Code of 1930, supra, and we are of the opinion that when the county received this $15,761.52 as a reimbursement for tax loss sustained by reason of its being prevented by the Homestead Exemption Act of 1938 from collecting ad valorem taxes for road purposes on homestead property in the municipality, the funds so received were in lieu of such ad valorem taxes and that there arose a duty on the part of the county to pay one-half of the same to the municipality in keeping with the long continued legislative policy fixed by said Section 6417, Code of 1930. To hold otherwise would mean that the county roads would be the sole beneficiary of the reimbursement fund, the purpose of this former statute nullified without legislative authority, and the streets of such municipalities left without sufficient funds for their proper maintenance as a part of the county highway system. We cannot ascribe to the legislature an intention to appropriate to a county from the public treasury on the theory of reimbursement an amount twice as large as the sum required for that purpose and with the result that the rural highways of those counties in which our largest municipalities are located would receive a disproportionate share of the public

funds in comparison with the highways in other counties, and particularly at the expense of the streets of the municipality whose citizens must contribute to the state's revenues.

The action of the court below in overruling the demurrer must therefore be affirmed and the cause remanded.

Affirmed and remanded.